UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW PINEDA** | **CIVIL ACTION** |
| **VERSUS** | **NO.  07-3598** |
| **JAMES LEBLANC, WARDEN** <br> **OF DIXON CORRECTIONAL INST.** | **SECTION "K"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Matthew Pineda, is incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2]  At the age of 16, Pineda was indicted as an adult on February 6, 1986, in Jefferson Parish with the first degree murders of James and Frances Wheat during the aggravated burglary of their home in Kenner, Louisiana, on January 15, 1986.[3]

Pineda, with the guidance of retained counsel and his parents, entered pleas of guilty on August 4, 1986, to the lesser charge of second degree murder of James Wheat and to the first degree murder of Frances Wheat, without the death penalty.[4]  The state trial court sentenced Pineda to concurrent mandatory life sentences on each count, without benefit of probation, parole, or suspension of sentence.[5]

Accordingly, Pineda's conviction became final five days later, on August 11, 1986, because he did not seek reconsideration of his sentence or file a notice of appeal. See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's conviction became final at the end of the five-day period for filing a notice of appeal under La. Code

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, Indictment, 2/6/86; Grand Jury Return, 2/6/86; Plea Transcript, p. 14-15, 8/4/86.

[4]St. Rec. Vol. 1 of 3, Plea Minutes, 8/4/06; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of Plea of Guilty, 8/4/86; Plea Transcript, 8/4/86.

[5]Id.

Crim. P. art. 914[6]); Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process); McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004) (same); La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period less than seven days.)

Almost twenty years later, on February 23, 2006, Pineda, through retained counsel, filed an application for post-conviction relief in the state trial court raising the following grounds for relief:[7] (1) The plea agreement is an absolute nullity, thereby violating his due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. (2) A plea to a natural life sentence by a juvenile offender to avoid a death sentence is unconstitutional in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 2 and 20 of the Louisiana Constitution.  Pineda's claims were based on the United States Supreme Court's decision in Roper v. Simmons, 543 U.S. 551 (2005), in which the Court resolved that imposition of the death penalty on a person under the age of 18 was unconstitutional.

---

[6]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[7]St. Rec. Vol. 2 of 3, Application for Post Conviction Relief, 2/23/06.

The State responded by asserting that Pineda's application was not timely under Louisiana law, that Roper did not restart Pineda's post-conviction deadlines, that the challenges to his sentence were not appropriate for post-conviction review and that Pineda's petition was not in the appropriate form.[8]

On May 16, 2006, the state trial court denied the application finding that Roper did not apply retroactively to Pineda because he was sentenced to life, not death. Therefore, his petition was untimely pursuant to La. Code Crim. P. art. 930.8 because it was brought more than 20 years after the finality of his conviction. The court also alternatively resolved that Pineda's guilty plea had been constitutional, knowing and voluntary under the parameters of Boykin v. Alabama, 395 U.S. 238 (1969), at the time it was entered. Finally, the court held that Pineda's challenge to his life sentences was procedurally improper under La. Code Crim. art. 881[9] and was otherwise inappropriate on post-conviction review pursuant to La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[10]

---

[8]St. Rec. Vol. 2 of 3, Trial Court Order, 3/13/06; State's Response to Application for Post-Conviction Relief, 4/12/06.

[9]Specifically, the court held that under Art. 881 the hard-labor sentence could not be amended after its commencement.

[10]In State ex rel. Melinie, the Louisiana Supreme Court, relying on Article 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

Pineda's counsel filed an untimely[11] writ application with the Louisiana Fifth Circuit on September 1, 2006.[12] The court denied the application on October 5, 2006.[13] The court affirmed the state trial court's finding that Pineda's petition was not timely filed under La. Code Crim. P. art. 930.8 and that, although Roper was retroactive to death cases on collateral review, it did not retroactively apply to Pineda's life sentences. Out of an abundance of caution, the court alternatively addressed the merits of the claims. Relying on Brady v. United States, 397 U.S. 742 (1970), the court held that Pineda's guilty plea was not invalidated by Roper's condemnation of the death penalty for juveniles and instead was constitutional under the law in place at the time it was entered. Like the trial court, the court also determined that Pineda's challenges to his sentences were not cognizable on post-conviction review pursuant to La. Code Crim. P. 930.3.

---

[11]Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana Fifth Circuit. La. App. Rule 4-3; La. Code Crim. P. art. 922.

[12]The record does not contain a copy of this writ application. The filing date appears on the face of the court's subsequent order and has been confirmed with the office of the clerk of the Louisiana Fifth Circuit.

[13]St. Rec. Vol. 2 of 3, 5th Cir. Order, 06-KH-655, 10/5/06.

Pineda's counsel filed a writ application with the Louisiana Supreme Court seeking review of this ruling.[14] The court denied the application without reasons on June 1, 2007.[15]

## II.   FEDERAL HABEAS PETITION

On June 21, 2007, Pineda filed a pro se petition for federal habeas corpus relief alleging that his "conviction was obtained by a plea of guilty which was unlawfully induced or made involuntarily under threat of an unconstitutional death sentence on a juvenile offender."[16] The State filed a response in opposition to the petition alleging that Pineda's petition is not timely filed under federal law and is otherwise procedurally barred from review because the claim raised was denied by the state courts as untimely pursuant to La. Code Crim. P. art. 930.8.[17]

## III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[14]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 06-KP-2645, 11/3/06 (filed by hand); La. S. Ct. Letter, 2006-KP-2645, 11/3/06.

[15]Pineda v. LeBlanc, 957 So.2d 173 (La. 2007); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2006-KP-2645, 6/1/07.

[16]Rec. Doc. No. 1.

[17]Rec. Doc. No. 9.

6

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Pineda's petition, which, for reasons discussed below, is deemed filed in this federal court on June 7, 2007.[19]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State has alleged that Pineda's petition is untimely and that his claim is in procedural default.

---

[18] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[19] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Pineda's petition was filed by the clerk of court on June 21, 2007. Pineda dated his signature on June 7, 2007. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

## IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final or the date on which the constitutional right asserted was initially recognized and made retroactive by the Supreme Court.[20] <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001). Pineda's conviction became final on August 11, 1986, more than 21 years ago and five days after his guilty plea and sentencing. Pineda has not argued or suggested that any other date recognized in Section 2244(d) triggered the limitations period.

---

[20]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
- A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
- C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

On the state level, however, Pineda's counsel argued that the Supreme Court's opinion in Roper was a new rule of law made retroactive which therefore renewed Pineda's limitations period under state law.  If that argument were transposed upon the instant federal case, its statutory basis in the AEDPA would be Section 2244(d)(1)(C), which provides that the one-year AEDPA statute of limitations begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  This argument, even if Pineda was to assert it, must be rejected in this court.

As noted above, the Supreme Court in Roper held that imposition of the death penalty upon individuals under 18 years of age at the time of their capital offense violates the Eighth Amendment's prohibition against cruel and unusual punishment. Roper, 543 U.S. at 568.  Since its issuance, the federal courts have resolved that Roper recognized a new constitutional right for juveniles sentenced to death prior to its issuance and that the ruling is retroactive on collateral review.  See e.g., Arroyo v. Dretke, 362 F. Supp.2d 859, 883 (W.D. Tex. 2005); Little v. Dretke, 407 F. Supp.2d 819, 823-24 (W.D. Tex. 2005); Holly v. Mississippi, 2006 WL 763133 (N.D. Miss. Mar. 24, 2006).

However, Roper by its very terms applies where an individual under age 18 is sentenced to death.  In this case, Pineda was under 18 years of age, but he was sentenced

9

to life imprisonment, <u>not</u> <u>death</u>. In fact, one of Pineda's guilty pleas was to a reduced charge of second degree murder, which does not carry the death penalty in Louisiana. Thus, even if <u>Roper</u> is retroactively applicable, it did not announce or recognize a new constitutional right which is applicable to Pineda's life sentences. <u>Douma v. Workman</u>, 2007 WL 2331883 (N.D. Okla. Aug. 13, 2007) (finding that <u>Roper</u> did not restart the Section 2244(d) time period for a juvenile sentenced to life imprisonment).

Thus, the appropriate trigger under Section 2244(s) is August 11, 1986, when Pineda's conviction became final. Under a literal application of the statute, Pineda had until August 11, 1987, to file his federal habeas corpus petition, which he did not do.

However, the Fifth Circuit has granted habeas petitioners one year after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. <u>Flanagan</u>, 154 F.3d at 200; <u>United States v. Flores</u>, 135 F.3d 1000, 1004 (5th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1091 (1999). The court in "<u>Flores</u> concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." <u>Flanagan</u>, 154 F.3d at 200 (citing <u>Flores</u>, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year

after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." Id. (citing Flores, 135 F.3d at 1005).

Because Pineda's conviction became final before the AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997. Pineda filed his federal petition on June 7, 2007, more than ten years after the allowable grace period, and it must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 417-19; Cousin, 310 F.3d at 848.

Pineda has not asserted any reason that might constitute rare or exceptional circumstances why the one-year limitations period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

12

period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is]

13

the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

14

substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, Pineda's grace filing period was triggered by the enactment of the AEDPA on April 24, 1996.  The one-year limitations period began to run on the following day, April 25, 1996, and did so for 365 days, until April 24, 1997, when it expired.  Pineda did not file for state post-conviction or other collateral review in the state courts during that time period.

His next state court filing was made almost ten years later, on February 23, 2006, when his counsel filed an application for post-conviction relief based on <u>Roper</u>.  Since the holding in <u>Roper</u> is inapplicable to Pineda's case, this filing in no way affected the limitations period.  <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

I note also that Pineda's 2006 filing was 358 days after the <u>Roper</u> decision was issued.  Thus, even if this court were to consider the inapplicable <u>Roper</u> decision to have restarted the AEDPA limitations period, this delay also would culminate in a finding that Pineda's federal petition is untimely, as follows.

<u>Roper</u> was issued on March 1, 2005.  As mentioned above, 358 days lapsed before the application for post-conviction relief was filed by counsel on February 23, 2006.  The limitations period would remain tolled from that date until June 15, 2006, which was 30

days after the trial court denied the application and Pineda did <u>not</u> seek timely review in the Louisiana Fifth Circuit.[21]

The one-year AEDPA filing period would begin to run again on June 16, 2006, for an additional seven days, until it expired on June 22, 2006. Pineda did not seek leave to file a writ application with the Louisiana Fifth Circuit until almost two months later, on August 11, 2006, when a notice of intent in the state trial court was filed.[22] The untimely appellate writ application filed after the AEDPA filing deadline expired also has no effect on this alternative timeliness calculation. <u>Scott v. Johnson</u>, 227 F.3d at 263.

Under either calculation, Pineda's federal petition is not timely before this court. The petition is presumed filed on June 7, 2007, which was more than ten years after expiration of the grace AEDPA filing period. Alternatively, it was filed almost one year after the post-<u>Roper</u> filing period expired, as outlined above. Thus, Pineda's petition should be dismissed with prejudice as time-barred.

---

[21] As noted above, Pineda had 30 days from issuance of the trial court's order to file for review in the Louisiana Fifth Circuit which he did not do. La. App. Rule 4-3; La. Code Crim. P. art. 922.

[22] St. Rec. Vol. 2 of 3, Notice of Intent to File Writ Application, 8/11/06.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Matthew Pineda for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __17th__ day of December, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE